IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAFAEL JONES                                                                                               PLAINTIFF

v.                                    Civil No. 06-5002

DEPUTY A. PICKERING (#523),
DEPUTY J. SORREL,
DEPUTY KIMBALL (#563),
DEPUTY LYLES (#534), and
DEPUTY N. AKE (#568)                                                                                DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Rafael Jones filed this pro se civil rights action under 42 U.S.C. § 1983 on January 11, 2006. His complaint was filed in forma pauperis (IFP). (Docs. 1-5.)

The court entered an order directing plaintiff to complete, sign, and return an attached addendum to his complaint by July 14, 2006. (Doc. 6.) This order was returned the court as undeliverable. (Docket 6/28/2006.) To date, Jones has not responded to the order by returning the completed and signed addendum. Despite court staff's diligent efforts, a current address for plaintiff has not been located.

Local Rule 5.5(c)(2) provides in part as follows:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. (Emphasis added.)

The court's order directing Jones to complete, sign, and return an addendum to his

complaint was returned as undeliverable. Jones has not communicated with the court, and the court has been unable to locate a current address for Jones.

I therefore recommend that Jones's complaint be dismissed on the grounds that he has failed to prosecute this action. *See* Fed. R. Civ. P. 41(b). **Jones has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Jones is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of July 2006.

/s/ **Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE